```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

ELLIOTT PAYNE RILEY,              §
TDCJ-CID 784600,                  §
                                  §
          Plaintiff,              §
                                  §
v.                                §    CIVIL ACTION NO. H-05-2851
                                  §
ATTORNEY GENERAL FOR              §
THE STATE OF TEXAS, et al.,       §
                                  §
          Defendants.             §
```

## MEMORANDUM OPINION AND ORDER

Elliot Payne Riley, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this action against State and TDCJ-CID officials for violations of his civil rights that allegedly occurred at the Hughes State Jail, which is located in the Western District of Texas. This is not the first time he has filed such a complaint. See Riley v. Attorney General, No. H-05-1997 (S.D. Tex. Jun. 15, 2005). This action will be dismissed as duplicative under 28 U.S.C. § 1915(e).

Riley has filed numerous prisoner petitions and complaints in federal courts only to dismiss them voluntarily or have them dismissed for non-compliance. See e.g. Riley v. Cockrell, No. H-01-3462 (S.D. Tex. May 17, 2002) (habeas action dismissed on Riley's motion after Respondent had been served and Riley had been ordered to submit a more definite statement); Riley v. Cook, No.

7:00cv0085 (N.D. Tex. Aug. 1, 2000) (prisoner civil rights complaint dismissed for want of prosecution).

Recently, in <u>Riley v. Attorney General</u>, No. H-05-1997, Riley submitted a partially illegible letter in which he alleged that he was being mistreated while he was incarcerated at the Hughes Unit. <u>Id</u>, Memorandum on Dismissal, Docket Entry No. 2, Page 3.  The court in that action observed that prisoner complaints concerning alleged violations that occurred outside of the Southern District of Texas are normally transferred to the district where venue is appropriate.  <u>Id</u>.  However, the court dismissed the action because the complaint had the following deficiencies: no named defendant who was personally involved in the alleged deprivations; no filing fee or pauper's application; and some of the claims appeared to be delusional. <u>Id</u>. at 3-4.  The court also noted that Riley had filed fourteen other lawsuits in district courts in Texas.  <u>Id</u>. Accordingly, the court dismissed the action without prejudice to Riley properly raising his claims in the proper forum.  <u>Id</u>.

The pleadings in the present action contain allegations resembling those in No. H-05-1997.  Moreover, Riley again names defendants who do not reside in the Southern District of Texas and who almost certainly could not have been personally involved in any violations of his rights.  An in forma pauperis prisoner's suit is subject to dismissal where the suit raises claims that are duplicative of a prior suit that is being pursued by the same

2

prisoner in federal court.  See  Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993).  Riley has filed too many federal lawsuits for this court to indulge him with a transfer so that he may continue to ignore court orders and vex the United States District Court for the Western District of Texas with his nonsensical allegations.  See Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).  Moreover, Riley cannot continue to file his suits with impunity regarding fees and sanctions.  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998).  This action shall be dismissed sua sponte under 28 U.S.C. § 1915(e). Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989).

Riley is obligated to pay the filing fee under the provisions of 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall deduct 20% of each deposit made to Riley's inmate account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee ($ 250.00) has been paid.

### Conclusion and Order

The court **ORDERS** the following:

1. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

2. This cause of action, filed by Inmate Elliot Payne Riley, TDCJ-CID # 784600, is **DISMISSED** as malicious.  28 U.S.C. § 1915(e)(2)(B)(i).

3

3.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 13th day of January, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE